SUMMARY ORDER

Petitioner Qiao Zhuo, a native and citizen of the People’s Republic of China, seeks review of an April 17, 2008 order of the BIA dismissing an appeal from the November 14, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, in which the IJ denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). See In re Qiao Zhuo, No. A99 525 829 (B.I.A. Apr. 17, 2008); In re Qiao Zhuo, No. A99 525 829 (Immig. Ct. N.Y. City Nov. 14, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA’s decision does not expressly adopt but closely tracks the IJ’s reasoning, we may consider both decisions “for the sake of completeness,” Za-man v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted), deferring to fact-findings, including *705 adverse-credibility determinations, that are supported by substantial evidence, see 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Where, as here, an asylum application is governed by the REAL ID Act of 2005, we are mindful that the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his account, and any inconsistencies in his statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C- 24 I. & N. Dec. 260, 265 (B.I.A. 2007).
Zhuo does not challenge the IJ’s finding that his demeanor or tone was hesitant, uncertain, and “lacked a timber of truth.” In re Quia Zhuo, No. A99 525 829, at 8 (Immig. Ct. N.Y. City Nov. 14, 2006). Thus, this ground stands as a valid basis for the adverse-credibility finding.
Instead, Zhuo asserts that the agency impermissibly speculated or relied on inadequately developed testimony when it found that Zhuo provided (1) a vague account of (a) the health benefits he received from Falun Gong, (b) the information he obtained about Falun Gong from a website, and (c) his reasons for failing to practice Tai Chi; and (2) an inconsistent account of his ability to board an airplane while allegedly being pursued by authorities.
We are not persuaded. The IJ’s vagueness finding was made after the IJ “first attempt[ed] to solicit more detail” from Zhuo. Shunfu Li v. Mukasey, 529 F.3d 141, 147 (2d Cir.2008). Specifically, the IJ asked Zhuo to describe the health benefits he received from Falun Gong, asked Zhuo to name the titles of the Falun Gong books he saw on a website, and asked him why he practiced Falun Gong rather than Tai Chi. The IJ subsequently determined that the answers received were too “generalized,” In re Qiao Zhuo, No. A99 525 829, at 8 (Immig. Ct. N.Y. City Nov. 14, 2006) — a record-supported conclusion with which we are not compelled to disagree, see 8 U.S.C. § 1252(b)(4)(B); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008).
Nor are we compelled to disagree with the IJ’s inconsistency finding. See id. The record indicates that while Zhuo first testified that the police came to his house to look for him, he subsequently acknowledged that he exhibited his ID when he departed Fujian province.
Because Zhuo’s withholding-of-removal and asylum claims depended on the same factual predicates, the agency’s adverse-credibility determination extended to and foreclosed both. See Paul v. Gonzales, 444 F.3d 148,156 (2d Cir.2006).
Finally, because Zhuo failed to challenge the IJ’s denial of his CAT claim before the BIA, we lack jurisdiction to consider, and therefore will dismiss, this portion of Zhuo’s petition. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.